# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THOMPSON TRACTOR CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BART A. RAINEY, AVIATION ) | CASE NO: |
| SUPPORT LIMITED LIABILITY ) | _____ |
| COMPANY, RAINAIR AIRCRAFT ) | |
| SERVICES, L.L.C, RAINAIR ) | |
| AVIONICS SERVICES, LLC, and ) | |
| MARK HUGHES, ) | |
| ) | |
| Defendants. | |

## COMPLAINT

COMES NOW the Plaintiff, THOMPSON TRACTOR CO., INC., and for its Complaint alleges, upon information and belief, as follows:

## PARTIES

1.  Plaintiff THOMPSON TRACTOR CO., INC. ("Thompson Tractor") is an Alabama corporation with its principal place of business in Jefferson County, Alabama.

2.  Defendant AVIATION SUPPORT LIMITED LIABILITY COMPANY ("Aviation Support") is or was an Alabama limited liability company with its principal place of business in Blount County, Alabama.

{02532055.1}

3. Defendant RAINAIR AIRCRAFT SERVICES, L.L.C. is an Alabama limited liability company with its principal place of business in Blount County, Alabama.

4. Defendant RAINAIR AVIONICS SERVICES, LLC is an Alabama limited liability company with its principal place of business in Marshall County, Alabama.

5. Defendant BART A. RAINEY is an individual over nineteen years of age who resides in Marshall County, Alabama, and is a principal and owner of Defendants Aviation Support, Rainair Aircraft Services and Rainair Avionics Services.

6. Defendant MARK HUGHES is an individual over the age of nineteen years who resides in Jefferson County, Alabama and was formerly an employee of the Plaintiff, Thompson Tractor.

## JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (Federal Question) in that the civil action alleges violation of laws of the United States, such as: 18 U.S.C. §§ 1341 (Frauds and Swindles); 1342 (Fictitious name or address); 1343 (Wire Fraud); 1961 (Racketeering Definitions); 1962 (Prohibited Racketeering Activities); and, 1964 (Civil Remedies).

8. Venue is proper in the Northern District of Alabama and within the Southern Division because the acts complained of originated in Jefferson County, Alabama and occurred, in part, in Jefferson and Blount Counties within the Northern District of Alabama and Southern Division. Further, Defendant AVIATION SUPPORT LIMITED LIABILITY COMPANY, Defendant RAINAIR AVIONICS SERVICES, LLC, and Defendant MARK HUGHES, are residents of the Northern District of Alabama and within Jefferson County or Blount County, Alabama.

## FACTUAL ALLEGATIONS

9. Thompson Tractor is engaged in the sale, servicing and leasing of heavy equipment.

10. Thompson Tractor has an aviation department located in Jefferson County, Alabama at a hangar at the Birmingham-Shuttlesworth International Airport ("the hangar") that is owned or leased by Thompson Tractor.

11. Thompson Tractor has owned various aircraft and related equipment and has employed mechanics and pilots whose base of operations are at the hangar.

12. At all times relevant to this lawsuit, the individual in charge of and who administered the aviation operations of Thompson Tractor, Defendant Mark Hughes, also served as the head pilot and Aviation Administrator for Thompson Tractor.

13. During the Aviation Administrator's employment with Thompson Tractor, and at all times relevant to this lawsuit, the Aviation Administrator

supervised the employees of the aviation operations, oversaw all maintenance and servicing of Thompson Tractor aircraft, and approved all expenses incurred as part of Thompson Tractor's aviation operations.

14. The Aviation Administrator had a responsibility in the approval of invoices and payments related to service and maintenance on aircraft owned and operated by Thompson Tractor.

15. Once the Aviation Administrator approved an invoice, Thompson Tractor processed those invoices for payment from Thompson Tractor's headquarters in Jefferson County, Alabama.

16. Thompson Tractor relied on the Aviation Administrator and entrusted him with responsibility to run the hangar operations.

17. Defendant Aviation Support Limited Liability Company, Defendant RainAir Aircraft Services, L.L.C., and Defendant Rainair Avionics Services, LLC, are aviation maintenance and support companies based in Alabama.

18. Defendant Aviation Support Limited Liability Company, Defendant RainAir Aircraft Services, L.L.C., and Defendant Rainair Avionics Services, LLC are owned and managed by Defendant Bart A. Rainey.

19. Defendants entered into a wrongful and fraudulent scheme to defraud Thompson Tractor through the submissions of fraudulent invoices and payments of fraudulent invoices in connection with Thompson Tractor's aviation operations.

20. They submitted invoices determined to be fraudulent are for goods and services that were never provided.

21. They submitted invoices determined to be fraudulent are for goods and services that were not necessary for the maintenance or upkeep of Thompson Tractor aircraft.

22. They submitted fraudulent invoices and subsequent payments were made using instruments of interstate and foreign commerce including wire transfers, the United States Postal Service, and telephonic communications.

23. As the result of the payments of fraudulent invoices, payments were made to conspirators, known defendants and unknown defendants, residing in Alabama, other states, and other countries.

24. The fraudulent submissions of invoices by the defendants and the payments of the fraudulent invoices affected interstate and foreign commerce by using interstate wire payment, or electronic fund transfers, or by using banks and financial institutions chartered by the United States Department of Treasury and engaged in interstate and foreign commerce.

25. As a result of this unlawful artifice and scheme to defraud, between in and around 2007 and 2016, a large number of fraudulent submissions of invoices resulted in payments being made to Defendants up to and exceeding $200,000.00.

26. As a result of this unlawful artifice and scheme to defraud, Thompson Tractor Thompson Tractor suffered damages from the defendants up to and exceeding $200,000.00.

27. Defendant Bart A. Rainey and Defendant Mark Hughes knew and were aware of the fraudulent submissions of invoices to Thompson Tractor.

28. Other payments or kickbacks were paid to Defendant Mark Hughes by others outside the State of Alabama

29. Defendants, as well as other individuals and entities unknown at this time, encouraged and paid the Aviation Administrator to approve the fraudulent invoices for payment by Thompson Tractor.

30. The Aviation Administrator approved these invoices for payment by Thompson Tractor in exchange for illicit payments and other benefits provided by the other Defendants.

31. Defendant Mark Hughes has admitted to many of the fraudulent submissions of invoices and payments of the fraudulent invoices.

32. Defendant Mark Hughes has admitted to many of the fraudulent diversion of funds and fraudulent billing.

33. In or around September 2016, Thompson Tractor became aware that its Aviation Administrator engaged in the fraudulent scheme with the other named

defendants, fictitious defendants, and unknown defendants outlined herein over several previous years between in or around 2007 and 2016.

34.  Upon becoming aware of these fraudulent and illegal activities and initiating an investigation, Thompson Tractor terminated the employment of the Aviation Administrator.

## COUNT I – PROHIBITED RACKETEERING ACTIVITIES, 18 U.S.C. § 1962

35.  Thompson Tractor incorporates and adopts the foregoing paragraphs numbered one through thirty-four as if fully set forth herein.

36.  Defendants are each a "person" as defined by 18 U.S.C. § 1961(3).

37.  In violation of 18 U.S.C. § 1962(c), Defendants have conducted, or participated directly or indirectly, in an enterprise with the Aviation Administrator in a pattern of racketeering activity, to wit: Frauds and Swindles, and Wire Fraud, to defraud Plaintiff Thompson Tractor through the fraudulent submission of invoices, causing payments of the fraudulent invoices to be approved, or causing payments of the fraudulent invoices to be sent in or affecting interstate or foreign commerce or affecting a financial institution.

38.  Thompson Tractor has suffered injury to its business and other damages as a result of Defendants' participation in an enterprise in violation of 18 U.S.C. § 1962(c).

39. WHEREFORE, premises considered, Thompson Tractor prays for an award of actual and compensatory damages, punitive damages, treble damages, attorneys' fees, costs of court, expenses, pre-judgment and such other damages according to proof at trial.

## COUNT II – FRAUD

40. Thompson Tractor incorporates and adopts the foregoing paragraphs numbered one through thirty-four as if fully set forth herein.

41. Defendants engaged in a fraud of Thompson Tractor by causing fraudulent submissions of invoices, causing payments of the fraudulent invoices to be approved, or causing payments of the fraudulent invoices to be sent in or affecting interstate or foreign commerce or affecting a financial institution.

42. Thompson Tractor has suffered injury to its business and other damages as a result of Defendants' fraud.

43. WHEREFORE, premises considered, Thompson Tractor prays for an award of actual and compensatory damages, punitive damages, attorneys' fees, costs of court, expenses, pre-judgment and such other damages according to proof at trial.

## COUNT III – CIVIL CONSPIRACY

44. Thompson Tractor incorporates and adopts the foregoing paragraphs numbered one through thirty-four as if fully set forth herein.

45. Defendants engaged in a civil conspiracy to defraud Thompson Tractor of money by causing fraudulent submissions of invoices, causing payments of the fraudulent invoices to be approved, or causing payments of the fraudulent invoices to be sent in or affecting interstate or foreign commerce or affecting a financial institution.

46. Thompson Tractor has suffered damages as a proximate result of Defendants' wrongful conspiracy and collusion to defraud.

47. WHEREFORE, premises considered, Thompson Tractor prays for an award of actual and compensatory damages, punitive damages, attorneys' fees, costs of court, expenses, pre-judgment and such other damages according to proof at trial.

## DEMAND FOR JURY TRIAL

48. Thompson Tractor demands a trial by jury in this matter.

## PRAYER FOR RELIEF

49. WHEREFORE, premises considered, Thompson Tractor prays for an award of actual and compensatory damages, punitive damages, treble damages, attorneys' fees, costs of court, expenses, pre-judgment and post-judgment interest, and such other damages according to proof at trial.

DATED this 28th day of March 2018.

          *s/James R. Shaw*
          James R. Shaw (SHA0005)
          John W. Smith T (SMI175)

          Attorneys for Plaintiff
          Thompson Tractor Co., Inc.

<u>OF COUNSEL</u>:

Huie Fernambucq & Stewart, LLP
2801 Highway 280 South
Suite 2000
Birmingham, AL 35223
Telephone:  (205) 251-1193
Facsimile: (20)251-1256
jshaw@huielaw.com

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jsmitht@bradley.com

{02532055.1}            10

***Complaint to be Served by Special Process Server to the following:***

Bart A. Rainey
44 Dorr Rd.
Oneonta, AL 35121

***Complaint to be Served by the Clerk of the Court by Certified Mail, return receipt requested, to the following:***

Aviation Support Limited Liability Company
c/o Bart Alston Rainey
325 Airport Road
Hanger A2
Oneonta, AL 35121

RainAir Aircraft Services, L.L.C.
c/o Bart Alston Rainey
44 Dorr Road
Oneonta, AL 35121

Rainair Avionics Services, LLC
c/o Bart Rainey
P.O. Box 1198
Oneonta, AL 35121

Mark Hughes
7610 Taylor Shop Road
Trussville, AL 35173